IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOANNE DUNHAM**<br>242 Glenwood Road<br>Elkins Park, PA 19027<br><br>*Plaintiff,*<br><br>vs.<br><br>**DELOITTE L.L.P.**<br>c/o Corporation Service Company<br>251 Little Falls Drive<br>Wilmington, DE 19808<br><br>*Defendant.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, by and through undersigned counsel, hereby files the following Complaint against each Defendant:

### INTRODUCTION

1. Plaintiff initiates this action to seek redress against each Defendant for unlawful violations of Title VII of the Civil Rights Act ("Title VII") and other applicable law.

### PARTIES

2. Plaintiff, JoAnne Dunham ("Plaintiff") is an adult individual currently residing at the above-captioned address.

3. Defendant, Deloitte LLP ("Defendant") is a Delaware limited liability partnership existing pursuant to the laws of the State of Delaware with a registered agent for service of process at the above-captioned address.

4. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

5. Defendant is an "employer" within the meaning of Title VII because it is engaged in an industry affecting interstate commerce and because they maintained or maintain fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant is an "employer" within the meaning of the ADEA because it is engaged in an industry affecting interstate commerce and because it maintains or maintained twenty (20) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

7. Defendant also maintains sufficient employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

## JURISDICTION and VENUE

8. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

9. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the Supreme Court of the United States in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

10. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and

1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

11. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

**PROCEDURAL and ADMINISTRATIVE REMEDIES**

13. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

14. Plaintiff has satisfied the procedural and administrative requirements for proceeding with an action under Title VII and the PHRA.

15. Plaintiff filed a written charge of discrimination with the Equal Employment Opportunity Commission and Pennsylvania Human Relations Commission alleging discrimination on or about November 9, 2018 (No. 530-2019-00920).

16. The instant action is timely because it is initiated within ninety ("90") days after the receipt of a Right to Sue letter mailed on or about March 14, 2019.

17. Plaintiff has exhausted federal administrative remedies as to the allegations of the instant Complaint.

18. Plaintiff will seek leave to amend this complaint at any time up to and including during trial to incorporate a claim under the PHRA after the expiration of that act's one year waiting period in a manner consistent with Fed.R.Civ.P. 15.

**FACTUAL BACKGROUND**

19. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is an African American female.

21. Plaintiff's date of birth is December 3, 1958.

22. Plaintiff worked for Defendant from June 2004 until May 23, 2018 when she was unlawfully terminated.

23. Plaintiff worked in Philadelphia, PA.

24. Plaintiff was told there was a performance-based reason for her termination and that it was a "business decision".

25. Plaintiff's termination was based on her age and/or her race and/or in retaliation for a complaint she had filed in March 2018.

26. Plaintiff was unfairly criticized and mistreated by her supervisors even before her termination.

27. By way of example, Plaintiff was unfairly deemed as "not meeting" expectations in or about February 2018 after her supervisor had told her she was a number one producer and doing well.

28. Alesia Jones, Plaintiff's former manager, is a Jehovah's witness and the two women who were retained in Plaintiff's department were personal friends and acquaintances hired by her whom are also Jehovah's witnesses.

29. Upon information and belief, those retained in Plaintiff's department were both set up to work from home twice a week despite the fact that when Plaintiff was employed she was only allowed to work one.

30. The receptionist and another traditional administrative employees were also Jehovah's witnesses and none of them were part of the "administrative downsizing."

## COUNT I
### Title VII Violations

31. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

32. At all times relevant herein, Plaintiff was subjected to discriminatory actions by virtue of her race, religion and sex.

33. At all times relevant herein, Plaintiff was subjected to an unlawful hostile-work environment.

34. At all times relevant herein, Plaintiff was subjected to unlawful retaliation.

35. As a direct and proximate result of these violations, Plaintiff has sustained the injuries, damages and losses set forth herein.

## COUNT II
### Race Discrimination and Retaliation 42 U.S.C. § 1981

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. At all times relevant herein, Plaintiff maintained or sought to maintain a contractual relationship with Defendant.

38. At all times relevant herein, Defendant acted by and through its agents, servants, and employees to intentionally discriminate against Plaintiff on the basis of race and thereby deny the

benefits of the contractual relationship entered or sought to be entered into with Defendant by discriminating on the basis of race.

39. At all times relevant herein, Plaintiff was subjected to an unlawful hostile-work environment.

40. At all times relevant herein, Plaintiff was subjected to unlawful retaliation.

41. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

## COUNT III
### ADEA Discrimination and Retaliation

42. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

43. By virtue of age, the Plaintiff is in the class of persons protected by the ADEA.

44. The foregoing conduct by Defendant constitutes unlawful age discrimination against the Plaintiff.

45. The foregoing conduct by Defendant constitutes an unlawful hostile work environment.

46. The foregoing conduct by Defendant constitutes unlawful retaliation against the Plaintiff.

47. As a result of the Defendant's unlawful age discrimination and retaliation, the Plaintiff has suffered damages as set forth herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against each Defendant and that it enter an Order as follows:

a. The Defendants are to be permanently enjoined from engaging in discrimination against the Plaintiff on any other basis prohibited under applicable law;

b. The Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and are to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. The Defendants are to be prohibited from continuing to maintain their unlawful policy, practice, or custom of discriminating against employees and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. The Defendants are to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendants or their agents until the date of verdict;

e. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the Defendants' actions to the extent they are available as a matter of law;

f. Only to the extent available as a matter of law, Plaintiff is to be awarded punitive damages.

g. The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h. The Plaintiff is to be awarded the costs and expenses of this action and attorneys' fees as provided by applicable federal and state law;

i. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law and to reflect the tax consequences thereof;

j. The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure the Defendants do not engage – or cease engaging – in unlawful retaliation against Plaintiff or other witnesses in this action;

k. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

l. Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

Respectfully submitted,

KOLMAN LAW, P.C.

/s/ Timothy M. Kolman
Timothy M. Kolman, Esquire
W. Charles Sipio, Esquire
Kathryn E. Liebhaber, Esquire
414 Hulmeville Avenue
Penndel, PA 19047
(T) 215-750-3134 / (F) 215-750-3138

Dated: June 12, 2019

*Attorneys for Plaintiff*